IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD S. COLCLASURE                                                                 PLAINTIFF

V.                        NO. 14-5100

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Richard S. Colclasure, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on September 27, 2010, alleging an inability to work since July 29, 2010, due to left foot reconstructed; chronic pain in left foot; back pain; high blood pressure; and allergies. (Tr. 133-137, 162, 166). An administrative hearing was held on March 27, 2012, at which Plaintiff appeared with counsel and he and his wife testified. (Tr. 46-85).

By written decision dated August 3, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - left foot fractures with residual deformity, mild degenerative disc disease, obesity, and a history of left

knee surgery. (Tr. 33). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 34). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he is limited to only occasional pushing/pulling with his left lower extremity; occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, and crawling; and no climbing of ladders, ropes, or scaffolds. The claimant must also avoid concentrated exposure to hazards such as unprotected heights or unprotected dangerous moving machinery.

(Tr. 35). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as machine tender, assembler, and basic clerical worker. (Tr. 40-41).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on January 27, 2014. (Tr.1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law;**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

-2-

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or

equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner.  We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, we have endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council and dated after the ALJ's decision

-4-

reflects the following:

On September 25, 2012, Plaintiff presented himself to Dr. Bryan Sheehan, of the Ankle and Foot Center, complaining of a painful right heel. (Tr. 380). Dr. Sheehan noted that Plaintiff's plantar fasciitis had flared up again, and reported that he had severe plantar fasciitis on the right because of the severe deformity due to trauma on his left lower extremity. (Tr. 380). Dr. Sheehan further reported that Plaintiff should be on disability, opining that he could not ambulate for more than 10-15 minutes without severe swelling and pain. (Tr. 380). He further reported that Plaintiff needed to keep his shoes off for most of the time and then also apply compression stockings and possibly with a venous compression boot throughout the day to keep the edema down on the left lower extremity. (Tr. 380). Dr. Sheehan assessed Plaintiff with plantar fasciitis, right heel; chronic left severe deformity; neurological damage; drop foot; hammertoes; severe neurological pain; unstable gait; instability; postural sway; and left lower extremity muscle weakness. (Tr. 380). He concluded that in his opinion, Plaintiff "should be placed on full disability due to the deformity of the left lower extremity and the pain that he sustains daily." (Tr. 381).

By letter dated October 1, 2012, Dr. Sheehan recommended that Plaintiff elevate his feet periodically throughout the day due to the severe trauma that was induced in his lower extremities many years ago. (Tr. 378). He further recommended that Plaintiff "Offload his feet periodically throughout the day." (Tr. 378).

Plaintiff presented himself again to Dr. Sheehan on December 12, 2012, for an evaluation of "once again right heel pain." (Tr. 397). Plaintiff wanted to discuss his options for surgery. (Tr. 397). The gait station exam revealed foot drop postural sway. (Tr. 399). Plaintiff was then

AO72A
(Rev. 8/82)

assessed with plantar fasciitis, pain in limb, and difficulty in walking. (Tr. 399). Plaintiff again presented himself to Dr. Sheehan on February 6, 2013, complaining of pain in the right heel area. (Tr. 402). Dr. Sheehan prescribed a night splint, and assessed Plaintiff with plantar fasciitis chronic, trauma to the left foot, and heel spur syndrome, right. (Tr. 402).

Although the ALJ had some information regarding Plaintiff's right foot heel problems prior to his decision, the Court is of the opinion that the medical records presented after the ALJ's decision and considered by the Appeals Council revealed, among other things, worsening pain in his right heel. Had the ALJ considered these additional records in making his decision, the outcome might have changed. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider the new and material evidence.

**IV. Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of April, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE